UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TUCK,<br><br>                      Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, et al.,<br><br>                      Defendants. | Case No.: 17cv1363-JLS (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Deborah Tuck's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Mot."), (ECF No. 2), filed concurrently with her Complaint for damages and injunctive relief stemming from Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et seq., (ECF No. 1).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that her sole sources of monthly income constitute $400 of monthly alimony payments and her spouse's $476 of monthly disability benefits. (IFP Mot. 2–3.) Plaintiff is not employed, nor has she been for the past two years, and Plaintiff and her spouse each have only $250 in their respective checking accounts. (*Id.* at 2.) Plaintiff estimates her monthly expenses total $1,445, (*see id.* at 4), and, although Plaintiff owns two automobiles together worth $2,000, (*id.* at 3), Plaintiff in a supplemental statement notes many further financial complications, (Re: In Forma Pauperis Financial Explanation 1–2, ECF No. 2-1 (listing complications which include that (1) Plaintiff's is injured such that she "will be unable to work the rest of [her] life[;]" (2) Plaintiff is the primary caregiver "for [her] husband[']s 88[-]year[-]old mother and 64[-]year[-]old sister[;]" and (3) Plaintiff and her husband's "joint bank account is presently overdrawn by . . . $235[,]" which "happens more often than not when [Plaintiff and her husband] need money desperately before the 1st of the month"). Given the foregoing, the Court concludes that Plaintiff's application demonstrates she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

*Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a

complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff alleges sufficient factual matter to survive the *sua sponte* screening. For example, Plaintiff alleges "sixteen illegal consumer debt collection calls to her private emergency cell phone number[,]" even though Plaintiff allegedly "never g[a]v[e] Defendant[s] . . . express written permission to call Plaintiff[']s . . . emergency cellular phone" and notified Defendants "numerous" times of Plaintiff's "demand[] not to call Plaintiff's cell phone after receiving the very first illegally placed call." (Compl. ¶¶ 33, 35, 41; *see also* Compl. Exs. A–D (written letters disputing debt).) This information, and the rest of the information contained in the Complaint, is sufficient to put Defendants on notice of the specific allegations against them and the relevant time period during which the allegedly liability-creating events occurred.

However, the Court notes that this case appears very similar to at least <u>seven</u> other cases filed by this exact same litigant in our district. *See, e.g.*, *Tuck v. Midland Credit Mgm't Inc. et al*, 15cv2036-MMA (MDD); *Tuck v. Am. Capitol Enters. et al*, 15cv2042-CAB (RBB); *Tuck v. HCC Surety Grp. et al.*, 16cv231-CAB (DHB); *Tuck v. Portfolio Recovery Assocs., LLC et al.*, 16cv684-JAH (BGS); *Tuck v. Merrick Bank Corp. et al.*, 16cv917-JAH (MDD); *Tuck v. Cavalry Portfolio Servs. et al.*, 16cv918-AJB (MDD); *Tuck v. Merchants Credit Ass'n*, 17cv626-BAS (MDD). And Plaintiff is cautioned that the Court's *sua sponte* screening is not a substitute for any dispositive motion any Defendant may elect to file, including one under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Given the foregoing, the Court:

(1) **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 1, 2).

(2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285s") for each named Defendant. In addition, the Clerk will provide Plaintiff with a

certified copy of this Order, a certified copy of her Complaint, and the summons so that she may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP package.

(3) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(4) **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2).

(5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon each Defendant, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: August 1, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge