THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN APC
410 BROADWAY, STE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH TUCK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, et al.,<br><br>　　　　Defendants. | Case No.: 3:17-cv-01363-JLS-WVG<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax denies the allegations in Paragraph 1.

2. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Equifax denies Plaintiff is entitled to the damages claimed in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax denies its name is "Equifax Information Solutions, LLC." Equifax denies it is a "furnisher." Equifax admits it is authorized to conduct business in California, admits its headquarters are located at 1550 Peachtree Street NE, Atlanta, GA 30309. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

belief as to the truth of the allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied. Equifax denies the remaining allegations in Paragraph 31.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax is without knowledge or information sufficient to form a

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

belief as to the truth of the allegations in Paragraph 39.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Equifax restates its answers and defenses to Paragraphs 1-54.

56. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

67. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Equifax restates its answers and defenses to Paragraphs 1-67.

69. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Equifax restates its answers and defenses to Paragraphs 1-75.

77. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Equifax admits the allegations in Paragraph 78.

79. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

1  81. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

82. Equifax denies the allegations in Paragraph 82.

83. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

84. Equifax denies the allegations in Paragraph 84.

85. Equifax denies the allegations in Paragraph 85.

86. Paragraphs 86 and 87 on Page 24 of the complaint are missing and not on Pacer. Therefore, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. Paragraphs 86 and 87 on Page 24 of the complaint are missing and not on Pacer. Therefore, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 88.

89. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 89.

90. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

92. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 93.

94. Equifax denies the allegations in Paragraph 94.

95. Equifax denies the allegations in Paragraph 95.

96. Equifax denies the allegations in Paragraph 96.

97. Equifax restates its answers and defenses to Paragraphs 1-96.

98. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. Equifax admits Plaintiff demands a trial by jury and likewise demands a jury trial.

103. Equifax denies Plaintiff is entitled to any relief claimed in the Complaint.

104. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

## FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## FIFTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## SIXTH DEFENSE

To the extent Plaintiff seeks injunctive relief, Equifax states that such relief is unavailable to Plaintiff under the FCRA.

## SEVENTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## EIGHT DEFENSE

Plaintiff's claims are barred, in whole or in part, based on release and

settlement from a prior lawsuit.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on res judicata.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it receive a trial by jury for all issues so triable;

(4) it recover such other and additional relief as the Court deems just and appropriate.

Dated: September 6, 2017         NOKES & QUINN
　　　　　　　　　　　　　　　　 /s/ Thomas P. Quinn, Jr.
　　　　　　　　　　　　　　　　THOMAS P. QUINN, JR.
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　EQUIFAX INFORMATION
　　　　　　　　　　　　　　　　SERVICES LLC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**CERTIFICATE OF SERVICE**
**Deborah Tuck v. Credit One Bank, et al.**
**Case No.: 3:17-cv-01363-JLS-WVG**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **September 6, 2017**, I served a true copy of **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**:

[ ]  By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[X]  By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Deborah Tuck
1600 E. Vista Way #85
Vista, CA 92084

[X]  By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 /s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing: Laguna Beach, California.

Executed on **September 6, 2017,** at Laguna Beach, California.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

## SERVICE LIST

Deborah Tuck
1600 E. Vista Way #85
Vista, CA 92084
760-840-1551
*Plaintiff Pro Se*

Gregory S. Martin
Jones Day
4655 Executive Dr.
Suite 1500
San Diego, CA 92121-3134
(858) 314-1200
Fax: (844) 345-3178
Email: gmartin@jonesday.com
***Attorneys for Defendant Experian***

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055