UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TUCK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 17-CV-1363-JLS (WVG)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>(ECF No. 26) |

Presently before the Court is Defendant Trans Union LLC's Motion to Dismiss for Failure to State a Claim, (ECF No. 26). No opposition to the Motion has been filed.

The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule does allow the Court to grant the Motion: Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." An opposition must be filed 14 days prior to the noticed hearing. Civ. L. R. 7.1.e.2. The hearing for the present Motion was set for November 16, 2017 at 1:30 p.m., thus any opposition was due on November 2, 2017.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Plaintiff has settled with five other defendants in this matter, (*see* ECF No. 27), and has engaged in a settlement disposition conference with Magistrate Judge Gallo, (*see* ECF No. 31), so Plaintiff is showing an intention to participate in this lawsuit, at least with the settling defendants. Further, Plaintiff has not provided any excuse for her failure to timely file an opposition to the present Motion. The Court cannot continue waiting for Plaintiff to take action. Although the Court construes pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendant if it dismisses Defendant from this matter. In fact, Defendant has requested the dismissal. This factor weighs in favor of dismissal. As for the fifth factor, where the plaintiff does not oppose dismissal it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. On November 8, 2017, the Court filed an

Order vacating the hearing on the Motion and taking the matter under submission. (ECF No. 33.) In that Order, the Court noted that no opposition had been filed. (*Id.*) Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal.

Finding that the *Ghazali* factors weigh in favor of granting Defendant's Motion to Dismiss as unopposed, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Trans Union LLC. The Clerk **SHALL** remove Defendant Trans Union LLC from the docket.

**IT IS SO ORDERED.**

Dated: November 16, 2017

Hon. Janis L. Sammartino
United States District Judge